--------------------------------------------------------------------

**FILED**

**Dec. 30, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **RAMONA C. SCHRADER,** | ) | |
| | ) | HENRY CHANCERY |
| Defendant\Appellee | ) | |
| v. | ) | |
| | ) | |
| **A. L. SCHRADER,** | ) | Appeal No. 02A01-9605-CH-00108 |
| | ) | |
| Petitioner\Appellant | ) | |

APPEAL FROM THE CHANCERY COURT OF GIBSON COUNTY
AT TRENTON, TENNESSEE
THE HONORABLE GEORGE R. ELLIS, CHANCELLOR

**L. L. HARRELL, JR.**
Harrell & Harrell
NW Court Square
Trenton, TN 38382

**JULIA J. TATE**
Gracey, Ruth, Howard, Tate
& Sowell
150 Second Avenue North, Suite 201
Nashville, TN 37201

**AFFIRMED**

**WILLIAM H. INMAN, SENIOR JUDGE**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**HOLLY LILLARD, JUDGE**

**M E M O R A N D U M   O P I N I O N**

These parties were divorced in 1981 following a 25-year marriage and the birth of three children. The appellant was ordered to pay alimony of $950.00 monthly, well within his means as a practicing physician.

He is now 70 years old and in declining health. He has retired from practice and alleges this fact superimposed upon his frailty amounts to such a change of circumstances as to justify and require a reduction in the ordered payments.

The evidence reveals that he has a minimum of $457,200. in assets and the overall thrust of the evidence justifies the conclusion of the trial judge that the appellant had failed to prove such a change in circumstances as would require a reduction in his alimony obligation. Our review of the findings of fact made by the trial court is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. TENN. CODE ANN. § 50-6-225(3)(2). *Stone v. City of McMinnville,* 896 S.W.2d 584 (Tenn. 1991).

We think this is a proper case for affirmance pursuant to RULE 10, RULES OF THE COURT OF APPEALS.[1]

The case is remanded for the assessment of attorney fees in the trial court and on appeal as costs, which are taxed to the appellant.

_____
William H. Inman, Senior Judge

CONCUR:

_____
Alan E. Highers, Judge

_____
Holly Lillard, Judge

---

[1] **10. Affirmance Without Opinion - Memorandum Opinion.**
     **(b) Memorandum Opinion.** The Court, with the concurrence of all judges participating int he case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case. [As amended by order filed April 22, 1992.}

**IN THE COURT OF APPEALS OF TENNESSEE**
**WESTERN SECTION AT JACKSON**

**-------------------------------------------------------------------------**

| | | |
|---|---|---|
| **RAMONA C. SCHRADER,** | ) | |
| | ) | HENRY CHANCERY |
| Defendant\Appellee | ) | |
| v. | ) | |
| | ) | |
| **A. L. SCHRADER,** | ) | Appeal No. 02A01-9605-CH-00108 |
| | ) | |
| Petitioner\Appellant | ) | |

_____

# J U D G M E N T

_____

This cause came on to be regularly heard and considered by this Court, and for the reasons stated in the Memorandum Opinion of this Court, of even date, it is Ordered:

1. The judgment of the trial court is affirmed.

2. Costs of this appeal are taxed against the appellant for which execution may issue if necessary.

ENTER:

_____
William H. Inman, Senior Judge

_____
Alan E. Highers, Judge

_____
Holly Lillard, Judge